UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JOANNE KONG,**

    Plaintiff

v.     CASE NO.: 8:07-cv-2142-T-17MSS

**ALLIED PROFESSIONAL
INSURANCE COMPANY,**

    Defendant.
_____/

## ORDER DENYING MOTION TO REMAND

This cause is before the Court on the Plaintiff's Motion to Remand (Dkt. 8), filed on January 8, 2008, Defendant's Opposition to Plaintiff's Motion to Remand (Dkt. 11) filed on January 18, 2008, and Plaintiff's Reply to Defendant's Response to Plaintiff's Motion to Remand (Dkt. 15) filed on February 4, 2008. For the reasons set forth below, Plaintiff's Motion to Remand is **DENIED**.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, Joanne Kong (Kong), a citizen of Pinellas County, Florida filed a complaint[1] in state court on February 27, 2007, against Patricia Ann Costello, LMT d/b/a

---

[1] The complaint was originally filed in the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida, case number 07-CA-1885-I.

Apollo Center for Massage Therapy (Costello), a Florida licensed massage therapist. Kong asserts that she appeared at Apollo Center on August 24, 2005, as a client/patient for massage therapy. At that time, Costello treated Kong. Kong asserts that she suffered injuries, incurred expenses for medical treatment, and will be required to continue incurring medical expenses due to the treatment, which caused the alleged injuries.

On September 4, 2007, Costello stipulated to liability for compensatory damages to Kong in the amount of $1,150,000.00 (Dkt. 4, Attachment 8). The state court granted the stipulation on September 6, 2007 (Dkt. 4, Attachment 9). On September 6, 2007, the state court entered a Final Judgment for $1,150,000.00 compensatory damages subject to the terms of the Agreement between Kong and Costello. (Dkt. 4, Attachment 7).

Plaintiff filed a supplemental complaint[2] in state court on October 17, 2007, against Allied Professional Insurance Company (Allied). Allied is an insurance company based in Arizona, with offices in Arizona and California. Allied issued Massage Professional Liability Coverage to Costello in Pinellas County, Florida. Kong asserts that she filed a claim against Costello and notified Allied, due to her injuries as a result of her massage therapy with Costello on August 24, 2005. Kong further asserts that Allied willfully and recklessly denied coverage for her injuries.

Allied filed a Notice of Removal in the United States District Court Middle District of Florida Tampa Division on November 21, 2007, to remove the state court

---

[2]The supplemental complaint was filed in the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida, case number 07-CA-1885-I.

matter to federal court due to diversity jurisdiction. (Dkt. 1). Allied asserts that it had not been served with the Supplemental Complaint at that time. (Dkt. 1).

On January 8, 2008, Kong filed a Motion to Remand asserting that this matter is authorized by Fla. Stat. § 627.4136 as a direct action after she obtained a judgment against Costello. (Dkt. 8). She argues lack of diversity jurisdiction according to 28 U.S.C. § 1332(c)). (Dkt. 8).

On January 18, 2008, Allied filed an Opposition to Plaintiff's Motion to Remand asserting that this matter cannot be a direct action because Allied properly denied coverage to Costello. (Dkt. 11). Allied, in a certified letter on September 25, 2006, provided an explanation to Costello that Kong's claim for her injuries are not covered because she alleges damages resulting from Costello rendering or failing to render Professional Services as defined under the policy. (Dkt. 11). Allied further asserts that Kong's damages are alleged to have occurred when Costello was practicing a therapeutic treatment technique of kinesiology involving intense therapeutic stretching and not involving massage. (Dkt. 11). Allied argues diversity of jurisdiction exists according to 28 U.S.C. § 1332(c) since Kong's matter against Allied is not a direct action, but rather claims that are derived from the legal rights and remedies allegedly owed to Costello. (Dkt. 11).

On February 4, 2008, Kong filed a Reply to Defendant's Response to Plaintiff's

Motion to Remand asserting that this action is not an assignment of the liability policy from Costello to Kong, but rather brought to enforce payment of the Final Judgment according to Fla. Stat. § 627.4136. (Dkt. 15).

## STANDARD OF REVIEW

The plaintiff is the master of his complaint and is free to choose federal or state jurisdiction. *Caterpillar, Inc. V. Williams*, 482 U.S. 386, 392 (1987). However, removal of a civil case from state to federal jurisdiction can be effected by the defendant pursuant to 28 U.S.C. § 1441 (2008). The defendant seeking removal bears the burden of proving that a federal district court has jurisdiction. *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989). A federal district court must remand to state court any case which lacks necessary jurisdiction or that was removed improperly. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Circ. 1994). The <u>removal statutes must be narrowly construed, and uncertainties are to be resolved in favor of remand</u>. *Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1329 (11th Cir. 1998). (emphasis supplied).

## DISCUSSION

<u>Timely Removal</u>

Defendants have thirty days to remove an action from the state court to a United States District Court. 28 U.S.C. § 1446(b) (2008). The defendant may effectuate removal upon receipt "...of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

*Id*.

Allied asserts that it did not receive the supplemental complaint at the time of filing the notice of removal on November 21, 2007. (Dkt. 1). Only Costello received notice of the supplemental complaint on October 17, 2007. *Id*. The supplemental complaint was filed afterwards on November 7, 2007, in state court. According to the state court docket, a summons was issued to Allied on November 14, 2007. (Dkt. 2). The parties stipulated that on September 6, 2007, the Plaintiff added a claim and cause of action against Allied, and Costello added a third-party action against Allied. (Dkt. 4). This stipulation is the first indication that the Plaintiff would like to seek damages from Allied. However, this Court does not find the stipulation, but rather the supplemental complaint to be the "paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b) (2008). As such, a notice of removal filed on November 21, 2007, is well within the thirty day requirement.

 Amount in Controversy

The subject matter jurisdiction of this Court includes "all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs" and is based on diversity of citizenship. 28 U.S.C. § 1332(a). Here, the parties stipulated to the amount in controversy, and this Court has independently assured itself that the amount exceeds the sum or value of $75,000.00. Therefore, to establish jurisdiction, the question remains whether diversity of citizenship exists, and whether proper procedure was followed.

Diversity of Citizenship: Direct Action

The issues before the Court to determine diversity of citizenship are: 1) whether this is a direct action or an assignment of rights and remedies from Costello, the insured, to Kong, the alleged injured third-party; and 2) whether Costello, the insured, is joined as a party-defendant.

> The federal diversity jurisdiction statute provides:
> (c) For the purposes of this section and section 1441 of this –
> (1) a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business[.]

28 U.S.C. § 1332(c)(1).

Under federal law, a corporation's citizenship is deemed to be any state of incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1). This allows insurance companies to be unaffected by the insured's citizenship and hold its own citizenship. However, in "direct actions" against an insurer where the insured is not joined as a defendant, the insurer's citizenship is additionally deemed to be the state of which the insured is a citizen. 28 U.S.C. § 1332(c)(1). This provision allows insurance companies to be affected by the insured's citizenship in the particular circumstance of direct actions where the insured is not joined as a party-defendant. The insurance company not only holds its own citizenship but also holds its insured's

citizenship. Congress enacted this section to eliminate the basis for diversity in states that allow injured third-parties to seek damages from an insurance company without joining the insurance company's insured as a party-defendant.

*Fortson v. St. Paul Fire and Marine Ins. Co.*, 751 F.2d 1157, 1159 (11th Cir. 1985).

Kong and Allied concede that Allied's citizenship is outside Florida. (Dkt. 1, 8). Allied is based in Arizona, has offices in Arizona and California, and does not have any offices or employees in Florida. (Dkt. 11). Therefore, Allied's citizenship is not deemed as Florida. To determine if Allied's citizenship is also deemed the citizenship of its insured as provided in the section's exception of section 1332(c)(1), we must determine if the stated circumstances apply. The exception is triggered when two things exist: 1) a direct action; and 2) the insured is not joined as a party-defendant.

This Court has held that the term "direct action" is inherently ambiguous due to its broad and narrow definitions. *Biggin v. RLI Ins. Co.*, 2006 WL 462669 (M.D.Fla.). This Court held, and the United States Court of Appeals, Eleventh Circuit affirms, that a broad definition is where a suit brought by the insured or injured third party is not based on liability covered by the policy but on "the insurer's failure to settle within policy limits or in good faith, the section 1332(c) direct action proviso does not preclude diversity jurisdiction." *Id.* (citing *Fortson*, 751 F.2d at 1159). In other words, when a third-party claimant or insured has a cause of action against an insurer because the insurer failed to pay within the policy limits or failed to pay in good faith, then this section gives credence to that cause of action by allowing diversity jurisdiction, thus

granting subject-matter jurisdiction. This is exactly the type of claim made here. The claim does not have to be proven just alleged. Therefore, this type of action does not defeat diversity.

Allied asserts that it denied Costello's claim in good faith and that her negligence was not covered under her policy. (Dkt. 11, Exh. A). Allied's letter to Costello on September 25, 2006, explained that her claim was not covered within the policy limits because her insurance policy with Allied was a Massage Professional Liability Coverage and that Kong's alleged injury was due to Costello practicing the Mattes Technique, which is a therapeutic treatment technique of kinesiology involving intense therapeutic stretching and not involving massage. *Id*. This turns to a factual question of whether Kong requests damages in her claim from an incident during the professional services as defined in the policy between Costello and Allied that is not barred through the exclusions provided in the policy. The question has to be addressed later in this case not on a motion to remand.

This Court and the United States Court of Appeals, Eleventh Circuit has also affirmed that the term "direct action" has a narrow definition where "...unless the cause of action against the insurance company is of such a nature that the liability sought to be imposed could be imposed against the insured, the action is not a direct action." *Fortson*, 751 F.2d at 1159. *Biggin v. RLI Ins. Co.*, 2006 WL 462669 (M.D.Fla.). This narrow definition is used in some states to allow a cause of action for an injured party against the insurance company without joining the insured.

Before analyzing whether Costello is a joined party-defendant, we analyze whether Kong may have "a separate and distinct cause of action against the insurer which an injured party may elect in lieu of his action against the tortfeasor." *Biggin v. RLI Ins. Co.*, 2006 WL 462669 (M.D.Fla.) (citing to Lumberman's Mut. Cas. Co. v. Elbert, 348 U.S. 48, 51 (1954)). Kong accurately extrapolated from the narrow definition that her claim is one where "the liability sought to be imposed could be imposed against the insured[;]" however, the narrow definition also encompasses whether Kong has "a separate and distinct cause of action against Allied." *Id.* (Dkt. 8). This Court looked at the plaintiff's claims asserted in the complaint to gain an understanding whether the suit was a direct action. *Biggin v. RLI Ins. Co.*, 2006 WL 462669 (M.D.Fla.). This Court recognized that the insured in *Biggin* assigned his legal rights, remedies, claims, and chooses of action to the third party within the settlement agreement. *Id*. Furthermore, this Court decided that the Plaintiff sought a declaration of his rights under the policy, and sought damages for the insurer's breach of contract for failing to defend the insured within the policy limits. *Id*.

Kong is accurate that *Biggin* might differ from her cause of action since her claims are not based on an assignment but rather to enforce payment of the Final Judgment per 627.4136(1), Florida Statutes (2008); however, she in fact alleges an assignment of rights from Costello to Kong. (Dkt. 2, 15). Kong alleges this statement against her own interest. If Kong received an assignment of rights and remedies from

Costello, then Kong's citizenship would be deemed her own as well as the insured's citizenship. Therefore, Costello's citizenship would be imputed unto Kong and not Allied resulting in diversity jurisdiction for her cause of action.

Although Kong's suit is not based on an assignment, she alleges in her Supplemental Complaint that "[d]uring the pendency of that civil litigation, and with the likelihood of sustaining a judgment for significant damages against Patricia Costello, Costello and Kong entered into a stipulation to settle, assigning all benefits and rights that Costello had with Allied to Kong, including any bad faith claim and the subject claim brought by Kong." (Dkt. 2). Whether an actual assignment took place is a factual question this Court will not need to determine. We reason that even though the assignment existed in *Biggin*, this Court still looked at the actual claims asserted in the Plaintiff's complaint. *Biggin v. RLI Ins. Co.*, 2006 WL 462669 (M.D.Fla.). This Court stated that the Plaintiff's claims were derived from the insured's legal rights and remedies and could not be construed as a separate and distinct cause of action against the insurer. *Id.* (citing to Lumberman's Mut. Cas. Co. v. Elbert, 348 U.S. 48, 51 (1954)).

Following the same reasoning here, we look to Kong's claims in her Supplemental Complaint that she is requesting to enforce payment of the Final Judgment. (Dkt. 2). This is a claim that is derived from Costello's legal rights and remedies owed by Allied because the Final Judgment is based on Costello's stipulation to agree to compensatory damages. (Dkt. 1). Therefore, Kong's claims in her

Supplemental Complaint are derived from the legal rights and remedies allegedly owed to Costello by Allied and cannot be construed to be a separate and distinct cause of action against Allied even under the narrower definition of direct action. Therefore, the diversity issue is satisfied in favor of the defendant since we find no direct action as to defeat diversity. Accordingly, it is

**ORDERED** that Plaintiff's Motion to Remand (Dkt. 8) be **DENIED**.

**DONE AND ORDERED** in Chambers in Tampa, Florida, this 10th day of July 2008.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:

All parties and counsel of record