UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOANNE KONG,

    Plaintiff,

v.                                    Case No.: 8:07-cv-2142-T-17

ALLIED PROFESSIONALS
INSURANCE COMPANY,

    Defendant.
_____/

ORDER

This cause is before the Court on Defendant, Allied Professionals Insurance Company's, motion to dismiss, or, alternatively, to stay litigation and compel arbitration (Doc. No. 6); and Plaintiff, Joanne Kong's, response in opposition (Doc. No. 10). Upon consideration, Defendant's motion to stay and compel arbitration is granted.

BACKGROUND

Allegedly, on August 24, 2005, Patricia Costello ("Costello"), a Florida-licensed massage therapist employed at the Apollo Center for Massage Therapy ("Apollo Center"), negligently injured Joanne Kong ("Kong") during Kong's visit to the Apollo Center. Kong's injury required hospitalization and continued medical treatment. Presumably, Kong demanded compensation from Costello.

Sometime thereafter, Costello filed a claim with Allied Professionals Insurance Company ("Allied"). Allied was the liability insurance company for Costello, d/b/a Apollo Center. In a letter dated September 25, 2006, Allied denied coverage and advised

1

Costello to retain her own counsel.[1] On February 27, 2007, Kong filed a formal complaint against Costello in the Sixth Judicial Circuit of Pinellas County, Florida. On May 9, 2007, Costello, through her own counsel, answered Kong's complaint with affirmative defenses.

Then, on September 4, 2007, Kong and Costello entered into a Coblentz agreement[2] and stipulated to a final judgment for compensatory damages against Costello in the amount of $1,150,000.00. Costello assigned to Kong her rights to sue Allied, and, in exchange, Kong agreed not to execute the judgment against Costello. The Coblentz agreement was granted by the circuit court on September 6, 2007.

On October 17, 2007, Kong filed a Supplemental Complaint against Allied in the circuit court. Allied, an Arizona corporation, successfully removed the case to the Middle District of Florida based on diversity jurisdiction. On January 8, 2008, Allied filed its motion to stay and compel arbitration. Kong responded in opposition soon thereafter.

In its motion, Allied argues that Kong, as the assignee, is bound by the arbitration clause contained in the insurance policy. Allied further argues that the Federal

---

[1] According to the letter, Allied denied coverage because the injury to Kong resulted from Costello's employment of the Mattes Technique, "which is a therapeutic treatment technique of kinesiology involving intense therapeutic stretching and not involving massage." Apparently, Costello's insurance coverage did not encompass the Mattes Technique.

[2] District Courts in the 11th Circuit have generally referred to this type of agreement as a Coblentz agreement after Coblentz v. American Surety Co., 416 F.2d 1059 (5th Cir. 1969). E.g., Monticello Ins. Co. v. City of Miami Beach, 2008 WL 906537, at *3 (S.D. Fla. April 3, 2008); Continental Cas. Co. v. City of Jacksonville, 550 F.Supp. 2d 1312, 1317 (M.D. Fla. 2007). In Coblentz, the former Fifth Circuit held that "[h]aving elected to leave [the insured] to his own defenses" the insurer could not later challenge the consent judgment. Id. at 1063. Although the facts here differ slightly in that Allied, the insurer, moves to enforce the arbitration clause contained in the insurance policy contract, rather than to challenge the consent judgment, the reciprocal nature of the stipulated agreement, which was central to the agreement in Coblentz, is also present in Kong and Costello's agreement. Therefore, this Court will refer to their agreement as a Coblentz agreement.

Arbitration Act ("FAA") applies because the insurance policy was purchased through interstate commerce.

In her response, Kong argues that she is not bound by the arbitration clause because her claim is not based on an assignment and because the McCarran-Ferguson Act ("FMA") precludes the FAA from preempting Florida law. Lastly, Kong argues that because she is a paraplegic, deaf, and "very poor," requiring her to arbitrate would be unconscionable.

The arbitration clause in the insurance policy reads:

> **C. Arbitration.** If a dispute or claim shall arise with respect to any of the terms or provisions of this Policy, or with respect to the performance by any of the parties to the Policy, then any party or that party's authorized representative may, by notice as herein provided, require that the dispute be submitted within fifteen (15) days to an arbitrator in good standing with the American Arbitration Association under the Commercial Arbitration Rules of the American Arbitration Association then in effect. Any arbitration undertaken pursuant to the terms of this section shall occur in Orange County, California.

## DISCUSSION

### *Assignment*

Kong contends that the stipulated agreement with Costello was not an assignment. In support, Kong asserts that "the plaintiff is the master of the complaint, free to avoid federal jurisdiction by pleading only state claims even where a federal claim is also available." *Hill v. BellSouth Telecomm., Inc.*, 364 F.3d 1308, 1314 (11th Cir. 2004) (citing *Marcus v. AT&T Corp.*, 138 F.3d 46, 52 (2d Cir. 1998)). Kong cites Florida law, including Section 627.4136, Florida Statutes, in her Supplemental Complaint. Kong argues that because her Supplemental Complaint against Allied is based solely on state

statutory rights as opposed to an assignment, "the arbitration clause does not apply and complete diversity is lacking." (Doc. No. 10).

While the plaintiff indeed may be the master of the complaint, the plaintiff cannot escape federal jurisdiction based on diversity of citizenship, as we have here.[3] Federal jurisdiction in *Hill* hinged on whether the plaintiff's causes of action raised substantial questions of federal law, not on whether diversity of citizenship between the parties existed. *Hill*, 364 F.3d at 1314. Therefore, the notion that a plaintiff can steer clear of federal jurisdiction by pleading only state claims, while maybe true, is inapplicable in this case.

Moreover, it is clear that the *Coblentz* agreement between Kong and Costello constituted an assignment. Paragraph three of the agreement states that Costello agrees to assign to Kong "all present and future causes of action that COSTELLO has or may have against ALLIED arising out of the Professional Liability Insurance coverage provided by ALLIED to COSTELLO . . . ." More tellingly, paragraph eight of Kong's Supplemental Complaint states that "Costello and KONG entered into a stipulation to settle, assigning all benefits and rights that Costello had with ALLIED to KONG, including any bad faith claim and the subject claim brought by KONG." Thus, Kong stepped into the shoes of Costello, and, accordingly, the insurance policy that once bound Costello and Allied now bind Kong and Allied.

### Preemption

This Court, having found that the *Coblentz* agreement between Kong and Costello constituted an assignment, now addresses whether the arbitration clause in the

---

[3] This Court's order dated July 10, 2008, denying the Plaintiff's motion to remand, established proper federal jurisdiction in the Middle District of Florida.

insurance policy should govern the current dispute. Kong contends that the McCarran-Ferguson Act ("MFA") precludes the Federal Arbitration Act ("FAA") from preempting Florida law. Allied argues that because the insurance policy was purchased through interstate commerce, the FAA applies and the arbitration clause is valid.

The FAA provides that an arbitration clause contained in "a contract evidencing a transaction involving commerce . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The term "commerce," as used in the FAA means "commerce among the several States," or, interstate commerce. *Id.* at § 1. Moreover, the United States Supreme Court has interpreted the phrase "involving commerce" broadly. *See Allied-Bruce Terminix Cos., Inc. v. Dobson,* 513 U.S. 265, 281-82 (1995). The phrase "involving commerce" requires only that the transaction in fact involve interstate commerce, and does not require that the parties contemplated an interstate commerce connection. *Id.* at 281. In *Allied-Bruce,* the Supreme Court held that the FAA was intended to reach to the outer limits of Congress' commerce clause power and found that a lifetime "Termite Protection Plan" involved interstate commerce because of "the multistate nature of Terminix and Allied-Bruce." *Id.* at 282.

Here, it is undisputed that the insurance policy was issued by a foreign corporation to a Florida resident. Kong and Costello are Florida residents. Allied is an Arizona corporation. Kong concedes in her Supplemental Complaint that Allied is a "foreign insurance company." Costello purchased Allied's insurance policy through her membership with the American Massage Council, a California corporation. Thus, whether one finds that the American Massage Council purchased the policy from Allied

or that Costello purchased it from Allied, in both instances, the policy was purchased through interstate commerce.

Moreover, the MFA states that federal laws shall not "be construed to invalidate, impair, or supersede any law enacted by any State for the purpose of regulating the business of insurance." 15 U.S.C.A. § 1012(b). Kong has failed to show how the FAA would "invalidate, impair, or supersede" any Florida law governing the insurance business.[4] 15 U.S.C.A. § 1012(b). To the contrary, courts have found that the MFA does not limit the application of the FAA in insurance disputes. See *Hart v. Orion Ins. Co.*, 453 F.2d 1358, 1360 (10th Cir. 1971); *see also Miller v. National Fidelity Life Ins. Co.*, 588 F.2d 185, 187 (5th Cir. 1979) (arbitration clause was valid because the Federal Arbitration Act was not precluded by the McCarran-Ferguson Act).

Therefore, the FAA applies and Kong is bound by the arbitration clause in the insurance policy. Kong has one last arrow in her quiver, however.

### *Unconscionability*

Kong contends that requiring arbitration would be unconscionable given that she is a paraplegic, deaf, and "very poor." Although this Court is sympathetic to Kong's physical and financial limitations, the law must still prevail. Furthermore, in addressing this argument, this Court will consider Kong as the original party to the insurance policy

---

[4] On July 11, 2008, Kong filed a Notice of supplemental authority, in which she cites *United Insurance Company of America v. Office of Insurance Regulation, State of Florida*, ___So.2d___, 33 Fla. L. Weekly 1682 (Fla. 1st DCA June 30, 2008) as a case on point in holding that the MFA reverse-preempts the FAA. In that case, the dispute concerned whether United Insurance Company of America's ("United") proposed arbitration clause complied with Florida insurance law. There was no interstate basis to overcome the McCarran-Ferguson Act. Contrarily, in the instant case, the dispute involves an interstate purchase of an insurance policy and whether the arbitration clause contained therein should apply to the parties. Thus, a sufficient interstate basis is present for the Federal Arbitration Act to withstand reverse-preemption.

with Allied since it has been determined that the *Coblentz* agreement between Kong and Costello amounted to an assignment.

Whether an arbitration clause is unconscionable is a question of state law. *Orkin Exterminating Co., Inc. v. Petsch*, 872 So.2d 259, 264 (Fla. 2d DCA 2004); *See also Paladino v. Avnet Computer Technologies, Inc.*, 134 F.3d 1054 (11th Cir. 1998) (arbitration clauses are interpreted according to ordinary state-law rules of contract construction). In order for a provision of a contract to be deemed unconscionable, the party seeking to avoid the enforcement of the arbitration clause has the burden of presenting sufficient evidence to establish that the clause is both procedurally and substantively unconscionable. *Golden v. Mobil Oil Corp.*, 882 F.2d 490, 493 (11th Cir. 1989); *Stewart Agency, Inc. v. Robinson*, 855 So.2d 726, 727 (Fla. 4th DCA 2003); *Gainesville Health Care Center, Inc. v. Weston*, 857 So.2d 278, 288 (Fla. 1st DCA 2003).

Whether an arbitration clause is procedurally unconscionable requires the consideration of how the contract was entered into by the parties. More specifically, did the party seeking to avoid the arbitration clause have the ability "to know and understand the disputed contract terms?" *See, e.g., Orkin Exterminating Co. v. Petsch*, 872 So.2d 259, 265 (Fla. 2d DCA 2004) (arbitration clause was not procedurally unconscionable because the clause was in large type on the front page of the original contract, rather than being buried in a maze of fine print).

The Policy Conditions of the subject insurance policy is just under two pages in length. Each clause therein begins with a bold capital letter and title. The arbitration

clause is the third clause under **V. GENERAL CONDITIONS** on the second page, and reads:

> **C. Arbitration.** If a dispute or claim shall arise with respect to any of the terms or provisions of this Policy, or with respect to the performance by any of the parties to the Policy, then any party or that party's authorized representative may, by notice as herein provided, require that the dispute be submitted within fifteen (15) days to an arbitrator in good standing with the American Arbitration Association under the Commercial Arbitration Rules of the American Arbitration Association then in effect. Any arbitration undertaken pursuant to the terms of this section shall occur in Orange County, California.

No evidence was presented as to her ability to read and understand the arbitration clause. In fact, Kong had a certified sign language interpreter translate the *Coblentz* agreement to her. Thus, there is nothing to establish that Kong did not understand the arbitration clause in the insurance policy contract when she decided, under advisement of her counsel, to enter into the *Coblentz* agreement with Costello for a staggering $1,150,000.00 in compensatory damages. Unfortunately, this Court has determined above that, as the assignee, Kong was bound by the insurance policy conditions. Therefore, the arbitration clause is not procedurally unconscionable.

The second prong of unconscionability is whether the arbitration clause was substantively unconscionable. "[T]he more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa." *Romano ex rel. Romano v. Manor Care, Inc.*, 861 So.2d 59, 63 (Fla. 4th DCA 2003).

In determining whether an arbitration clause is unconscionable, courts have considered 1) the costs of arbitration, *Stewart Agency, Inc.*, 855 So.2d at 728 (citations omitted), and 2) whether arbitration would require the opposing party to give up

significant legal remedies. *See, e.g., Romano ex rel. Romano*, 861 So.2d at 63 (arbitration clause was substantively unconscionable because it deprived the nursing home patient her statutory rights under the Nursing Home Resident's Rights Act; the clause precluded arbiters from awarding attorneys fees and punitive damages, both intended by Congress to reduce elder abuse in nursing homes).

Kong's Supplemental Complaint contends that she is "very poor." However, no evidence is presented as to the cost of arbitration, nor to the financial impact arbitration would have on Kong. Simply stating that one is "very poor" is conclusory and provides an inadequate basis to determine that the arbitration clause is substantively unconscionable. Moreover, Kong presents no evidence as to what, if any, legal remedies are forgone as a result of compelled arbitration. Therefore, this Court finds that the arbitration clause contained in the insurance policy is not unconscionable.

## CONCLUSION

The language of the *Coblentz* agreement clearly indicates Costello's intent to assign her rights and benefits over to Kong. In return, Kong agreed not to execute the consent judgment against Costello. This was an assignment. As the assignee, Kong stepped into Costello's shoes as the insured. Therefore, the insurance policy conditions that once bound Costello and Allied, now bind Kong and Allied.

Next, this Court finds that the Federal Arbitration Act, which validates the arbitration clause contained in the insurance policy conditions, preempts state law because the insurance policy was purchased through interstate commerce. Moreover, Kong has failed to show how the application of the Federal Arbitration Act would "invalidate, impair, or supersede" any Florida law governing the insurance business. 15

U.S.C.A. § 1012(b). Therefore, the McCarran-Ferguson Act does not reverse-preempt the Federal Arbitration Act.

Lastly, Kong fails to provide sufficient evidence to establish that compelled arbitration would be unconscionable. *Golden*, 882 F.2d at 493. Accordingly, it is:

**ORDERED** that Defendant, Allied Professionals Insurance Company's, motion to stay and compel arbitration (Doc. No. 6) is **GRANTED**. Because of our decision, Defendant's request for oral argument is moot. This case is administratively closed and the parties are directed to arbitrate their claims. The parties are directed to file a joint status report on or before the 30th day of September, 2008, as to the proceeding before the arbitrators. The parties shall also file a status report every 30 days thereafter until the arbitration is concluded. This Court will not tolerate unnecessary delay of this arbitration.

DONE and ORDERED in Chambers, in Tampa, Florida, this 22nd day of July, 2008.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

cc: All Parties and Counsel of Record