UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOANNE KONG,

    Plaintiff,

v.                                      Case No.: 8:07-cv-02142-EAK-TGW

ALLIED PROFESSIONAL
INSURANCE COMPANY,

    Defendant.

_____/

**ORDER ON PLAINTIFF'S MOTION TO REMAND DUE TO LACK OF SUBJECT MATTER JURISDICTION, OR IN THE ALTERNATIVE, MOTION TO VACATE THE DECISION OF THE ARBITRATOR**

This cause is before the Court on Plaintiff, Joanne Kong's, Motion to Remand Due to Lack of Subject Matter Jurisdiction, or in the Alternative, Motion to Vacate the Decision of the Arbitrator (Doc. 49); Defendant, Allied Professional Insurance Company's, Opposition to Plaintiff's Motion to Remand Due to Lack of Subject Matter Jurisdiction, or in the Alternative, Motion to Vacate the Decision of the Arbitrator (Doc. 81); and Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion to Remand Due to Lack of Subject Matter Jurisdiction, or in the Alternative to Vacate the Decision of the Arbitrator (Doc. 82). For the reasons set forth below, Plaintiff's Motion to Remand Due to Lack of Subject Matter Jurisdiction is **DENIED**, and Plaintiff's Alternative Motion to Vacate the Decision of the Arbitrator is **DENIED**.

BACKGROUND

On August 24, 2005, Plaintiff, Joanne Kong ("Kong"), went to the Apollo Center for Massage Therapy and received services from Patricia Ann Costello ("Costello"), a Florida licensed massage therapist. (Doc. 2, 4-3). Kong alleged that during the services, Costello's

1

negligence caused injury to Kong that required her to be hospitalized and required ongoing medical care and treatment. (Doc. 2). Based on the alleged negligence, Kong filed a complaint against Costello d/b/a Apollo Center for Massage Therapy in state court in the Sixth Judicial Circuit in and for Pinellas County, Florida on February 27, 2007. (Doc. 4-3). When Kong filed the claim against Costello, Kong also notified Allied Professional Insurance Company ("Allied"), which was Costello's professional liability insurer, about her claim. (Doc. 1). Kong and Costello eventually stipulated to a Final Judgment in favor of Kong against Costello for $1,150,000.00, and the state court entered that Final Judgment on September 6, 2007. (Doc. 4-8).

Kong then filed a supplemental complaint in state court on October 17, 2007, seeking to enforce the $1,150,000.00 judgment against Allied. (Doc. 2). Kong's supplemental complaint alleged that Allied "willfully and recklessly denied coverage and refused to defend Patricia Costello." (Doc. 2). Kong's Supplemental Complaint also alleged that Allied was a foreign insurance company. (Doc. 2). Allied removed the case to this Court pursuant to 28 U.S.C. § 1441(b) on November 21, 2007, arguing that the basis of this Court's jurisdiction was federal diversity jurisdiction. (Doc. 1). On January 8, 2008, Kong filed a motion to remand based on a lack of diversity jurisdiction. (Doc. 8). In Kong's motion to remand, Kong argued that the action was a direct action against Allied pursuant to Florida Statutes Section 627.4136. (Doc. 8). This Court denied Kong's first motion to remand on July 10, 2008. (Doc. 17).

On July 22, 2008, this Court granted Allied's motion to compel arbitration and administratively closed the case. (Doc. 22). Kong filed another Motion to Remand Due to Lack of Subject Matter Jurisdiction, or in the Alternative, Motion to Vacate the Decision of the Arbitrator on April 23, 2010, (Doc. 49), which is the current motion before the Court. This Court deferred ruling on the motion until after the arbitration and related proceedings in California

were completed. (Doc. 63). The arbitrator issued a decision on February 18, 2010, (Doc. 72-3), and the United States District Court for the Central District of California entered the arbitrator's decision in favor of Allied as the final judgment. (Doc. 72-4). The United States Court of Appeals for the Ninth Circuit subsequently affirmed that judgment on August 16, 2012. (Doc. 81-1).

After the proceedings in California concluded, this Court reopened the case on September 10, 2012, and ordered Allied to file a response to Kong's motion to remand. (Doc. 80). Allied filed its opposition to Kong's motion on October 1, 2012, (Doc. 81), and Kong filed a reply to Allied's response on October 22, 2012. (Doc. 82).

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss for lack of subject-matter jurisdiction. If a court determines that it does not have subject-matter jurisdiction at any time, then the court must dismiss the case sua sponte. Fed. R. Civ. P. 12(h)(3). There are two different types of challenges that a party may make based on subject-matter jurisdiction: a facial challenge and a factual challenge. *Lawrence v. Dunbar*, 919 F.2d 1525, 1528–29 (11th Cir. 1990). When a party makes a facial challenge to a court's subject-matter jurisdiction, the court treats the allegations in the complaint as true and determines whether the complaint sufficiently alleges the basis of the court's subject-matter jurisdiction. *Id.* at 1529. If the motion to dismiss for lack of subject-matter jurisdiction is based on a facial challenge, then the plaintiff receives protections similar to what he or she would receive on a Rule 12(b)(6) motion to dismiss because the court takes the allegations in the complaint as true. *Id.* By contrast, if the motion to dismiss for lack of subject-matter jurisdiction is based on a factual challenge, then the plaintiff's allegations do not receive any presumption of truth. *Id.* Instead, on a factual challenge, a party

challenges whether subject-matter jurisdiction in fact exists, and the court may weigh the evidence and consider matters beyond the pleadings. *Id.*

Although Kong's motion does not specify whether she is making a facial or factual challenge, it appears to the Court that Kong is making a factual challenge to this Court's subject-matter jurisdiction. Kong's motion contains arguments relating to subject-matter jurisdiction that go beyond those that would be made in a facial challenge. For example, Kong makes arguments based on the arbitrator's decision, (Doc. 49), and these arguments go beyond any allegations in the supplemental complaint. Accordingly, the Court will review Kong's motion as a factual challenge because Kong seems to challenge whether the Court in fact has subject-matter jurisdiction.

## DISCUSSION

I.   **This Court has jurisdiction based on diversity of citizenship.**

A district court has jurisdiction based on diversity of citizenship in a civil action if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a).

A.   **Amount in controversy**

In this case, the parties have not disputed that the amount in controversy exceeds $75,000.00, and the Court is satisfied that the amount in controversy requirement for diversity jurisdiction has been met. Kong sought to enforce a judgment against Allied for $1,150,000.00, (Doc. 1), which is enough to meet the amount in controversy requirement.

B.  Parties' citizenship

Because the amount in controversy requirement has been met, the remaining issue is whether the parties are "citizens of different States." *See* 28 U.S.C. § 1332(a)(1). In order to determine a corporation's citizenship,

> a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of--
> (A) every State and foreign state of which the insured is a citizen;
> (B) every State and foreign state by which the insurer has been incorporated; and
> (C) the State or foreign state where the insurer has its principal place of business . . . .

*Id.* § 1332(c)(1). This means that a corporation is a citizen in the state of its incorporation and is a citizen in the state where its principal place of business is located—its "nerve center." *Id.*; *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1185–86, 1192–93 (2010). At the time that Kong filed her supplemental complaint against Allied, Kong was a resident of Seminole, Florida. (Doc. 2). Allied has offices in Arizona and California and is an Arizona corporation. (Doc. 11). Allied does not have an office in Florida. (Doc. 11).

Kong argues, however, that Allied is also a citizen of Florida under 28 U.S.C. § 1332(c)(1). (Doc. 49). Section 1332(c)(1) contains an exception in the case of liability insurers. *See* 28 U.S.C. § 1332(c)(1). If the action is a direct action and if "the insured is not joined as a party-defendant," then the insurer is also a citizen in the state in which the insured is a citizen. *Id.* "'[W]here the suit brought either by the insured or by an injured third party is based not on the primary liability covered by the liability insurance policy but on the insurer's failure to settle within policy limits or in good faith, the [S]ection 1332(c) direct action proviso does not

5

preclude diversity jurisdiction.'" *John Cooper Produce, Inc. v. Paxton Nat'l Ins. Co.*, 774 F.2d 433, 435 (11th Cir. 1985) (quoting *Fortson v. St. Paul Fire & Marine Ins. Co.*, 751 F.2d 1157, 1159 (11th Cir. 1985)). This means that the exception to diversity jurisdiction under Section 1332(c) applies "only if the claim which the third party has against the insured—for intentional tort, negligence, fraud, etc.—is the same one asserted against the insurance company as within the zone of primary liability for which the company issued the policy." *Id.* Under the narrower definition of direct action, unless the plaintiff's cause of action against the insurer "is of such a nature that the liability sought to be imposed could be imposed against the insured, [then] the action is not a direct action." *Fortson*, 751 F.2d at 1159; *Biggin v. RLI Ins. Co.*, No. 6:06-CV104-ORL19KRS, 2006 WL 462669, at *2 (M.D. Fla. Feb. 27, 2006).

Kong asserts that "[t]his case was brought as a 'direct action' in state court pursuant to" Florida Statutes Section 627.4136. (Doc. 49). Additionally, Kong argues that this Court lacks diversity jurisdiction because of the arbitrator's determination that Costello's assignment to Kong was collusive and in bad faith. (Doc. 49). Kong argues that Allied is also a citizen of Florida under 28 U.S.C. § 1332(c)(1). (Doc. 49). Contrary to Kong's assertions, the Court has determined that Section 1332(c)(1) does not preclude diversity jurisdiction in this case.

Florida Statutes Section 627.4136(1) provides as follows:

> It shall be a condition precedent to the accrual or maintenance of a cause of action against a liability insurer by a person not an insured under the terms of the liability insurance contract that such person shall first obtain a settlement or verdict against a person who is an insured under the terms of such policy *for a cause of action which is covered by such policy.*

(emphasis added). Kong's argument that the case is a direct action under Section 627.4136 fails because her cause of action was not covered by the insurance policy. The arbitrator determined that Costello and Kong did not have coverage for the claim under Allied's policy, that Costello's

treatment of Kong was outside the scope of the policy, and that the policy excluded the treatment that Costello gave to Kong. (Doc. 72-3). Because of this, Kong's cause of action was not covered by the insurance policy and was not a direct action pursuant to Florida Statutes Section 627.4136.

Kong's argument that the Court does not have diversity jurisdiction due to the arbitrator's determination that the assignment from Costello to Kong was in bad faith also fails. In this Court's order from July 10, 2008, on Kong's initial motion to remand, the Court specifically noted that "[w]hether an actual assignment took place is a factual question this Court will not need to determine." (Doc. 17). The Court's analysis of diversity jurisdiction in that order was not based on the assignment's validity, and Kong's argument about the assignment's validity does not affect the Court's jurisdiction in this case either. The appropriate analysis is whether Kong's cause of action was a direct action that would bring it under the exception in Section 1332(c)(1).

As noted above, diversity jurisdiction is not barred by Section 1332(c)(1) "'where the suit brought either by the insured or by an injured third party is based not on the primary liability covered by the liability insurance policy but on the insurer's failure to settle within policy limits or in good faith.'" *John Cooper Produce, Inc.*, 774 F.2d at 435 (quoting *Fortson*, 751 F.2d at 1159). In this case, Kong's claim against Allied was based on Allied's denial of coverage and refusal to defend Costello. (Doc. 2). Kong's claim was not a direct action, and, therefore, the Section 1332(c)(1) exception for insurers in direct actions does not apply. Even under the narrow definition of direct action, Kong's claim is not "of such a nature that the liability sought to be imposed could be imposed against the insured." *See Fortson*, 751 F.2d at 1159; *Biggin*, 2006 WL 462669, at *2. Kong's claim against Allied was based on Allied's refusal of coverage, which is not a claim that could be brought against Costello, the insured. Further, as noted above, Kong's claim was not a direct action under Florida Statutes Section 627.4136.

7

The Court has subject-matter jurisdiction because this does not meet the direct action exception in Section 1332(c)(1). Kong and Allied are citizens of different states, and the amount in controversy exceeded $75,000.00. Accordingly, the Court denies Kong's Motion to Remand Due to Lack of Diversity Jurisdiction. Having determined that federal jurisdiction is proper, the Court will next address Kong's alternative Motion to Vacate the Decision of the Arbitrator.

II. **The doctrine of res judicata bars the motion to vacate the decision of the arbitrator.**

Kong's motion also includes an alternative Motion to Vacate the Decision of the Arbitrator and argues that the arbitrator exceeded his authority. (Doc. 49). In opposition, Allied argues that Kong's Motion to Vacate the Decision of the Arbitrator is barred under the doctrine of res judicata by the Ninth Circuit's opinion in this case. (Doc. 81). The Court agrees with Allied that the doctrine of res judicata bars Kong's motion.

The doctrine of res judicata consists of four requirements: "(1) the prior decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) the parties were identical in both suits; and (4) the prior and present causes of action are the same." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1187 (11th Cir. 2003) (quoting *Jang v. United Techs. Corp.*, 206 F.3d 1147, 1149 (11th Cir. 2000)) (internal quotation marks omitted). The doctrine of res judicata bars claims that the parties actually raised in the prior case and claims that the parties could have raised. *Id.*

All four requirements have been met in this case. First, the United States Court of Appeals for the Ninth Circuit, a court of competent jurisdiction, rendered a decision in the case. (*See* Doc. 79-1). Second, the Ninth Circuit entered a final judgment on the merits by affirming the decision of the District Court for the Central District of California to make the arbitrator's decision the final judgment in the case. (*See* Doc. 72-4, 79-1). Third, the parties in the extant

8

case, Joanne Kong and Allied Professional Insurance Company, were both parties in the arbitration, which was ultimately confirmed by both the Central District of California and the Ninth Circuit. (*See* Doc. 1, 72-4, 79-1).

Finally, under the fourth requirement, the causes of action in both cases are the same. When determining whether the fourth requirement has been met, a court must determine if the "case arises out of the same nucleus of operative fact, or is based upon the same factual predicate." *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1239 (11th Cir. 1999) (quoting *Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1503 (11th Cir. 1990)) (internal quotation marks omitted). These two cases are based upon the exact same factual predicate. Kong's arguments to vacate the arbitrator's decision in both cases arise out of the same decision of the arbitrator. Kong argued in both cases that the arbitrator exceeded his authority. The Ninth Circuit held that the arbitrator had not exceeded his authority because Kong had not demonstrated that the arbitrator acted with manifest disregard of the law. Both cases are based on the "same nucleus of operative fact." All four requirements have been met, so the doctrine of res judicata bars Kong's alternative motion before this Court to vacate the arbitrator's decision.

The purpose of the doctrine of res judicata is "reducing 'the expense and vexation attending multiple lawsuits, conserv[ing] judicial resources, and foster[ing] reliance on judicial action by minimizing the possibility of inconsistent decisions.'" *Shurick v. Boeing Co.*, 623 F.3d 1114, 1116 (11th Cir. 2010) (quoting *Montana v. United States*, 440 U.S. 147, 153–54 (1979)) (alteration in original). This case is a good example of the importance of the doctrine of res judicata. The case has been in and out of state court and various federal courts for years, and the Ninth Circuit has already affirmed the judgment of the Central District of California on this matter. Accordingly, it is:

**ORDERED** that Plaintiff's Motion to Remand Due to Lack of Subject Matter Jurisdiction is **DENIED**, and Plaintiff's Alternative Motion to Vacate the Decision of the Arbitrator is **DENIED**. The Clerk of Court is directed to enter judgment for the Defendant and to close this case. The Court reserves jurisdiction as to the parties' rights concerning the resolution of any attorneys' fees issues.

**DONE AND ORDERED** in Chambers at Tampa, Florida, this 29th day of April, 2013.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record.